# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL S. ALEXANDER,** | |
| Plaintiff, | **4:14CV3194** |
| vs. | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security;** | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the Plaintiff Michael Alexander's Application for Attorney's Fees (Filing No. 23). The application is made pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff sought attorney's fees for 42.5 hours of work at $190.13 per hour for a total of $8,080.53, and costs of $421.01. (Filing Nos. 23-1 & 23-2.) Defendant does not object to the awarding of attorney fees and costs, but does object to the amount of attorney's fees sought. (Filing No. 25.) Plaintiff did not respond to Defendant's objection. For the reasons set forth below, the Court will grant Plaintiff's motion in part and deny in part, awarding fees and costs but in an amount reduced from that sought by Plaintiff.

Defendant also asks the Court to order that the costs requested by Plaintiff be paid out of the Judgment Fund administered by the Treasury and not by Defendant. (Filing No. 25 at 3.) The Court will so order costs be paid by the Judgment Fund.

## DISCUSSION

### I. Amount of Fees and Defendant's Objection

Plaintiff applied for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Filing No. 23.) Under 28 U.S.C.

§ 2412(d)(1)(A), the Court is directed to award to a prevailing party the attorney's fees and costs incurred in a civil action against the United States unless the Court finds "the position of the United States was substantially justified or that special circumstances make an award unjust."[1] 28 U.S.C. § 2412(d)(1)(A).  The Government does not dispute that an award is appropriate.  Accordingly, this Court will award fees and costs, but will determine the appropriate amount in light of Defendant's objections.  (*See* Filing No. 25.)

To determine the reasonableness of fees sought under the EAJA, the Court should consider the value of the attorney's work to the client, "whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area."  *Brown v. Colvin*, 16 F. Supp. 3d 1051, 1057 (D. Neb. 2014) (quoting *Sahs v. Astrue*, 832 F. Supp. 2d 1066, 1068 (D. Neb. 2011)) (awarding attorney's fees under the EAJA for thirty-five hours even though plaintiff's attorney sought fees for 59.67 hours); *see also Stockton v. Shalala*, 36 F.3d 49 (8th Cir. 1994).

Defendant objects to the amount of attorney's fees in three respects.  First, Defendant objects to Plaintiff seeking fees for the time Plaintiff's attorney spent preparing two motions to extend time to submit his brief.  (Filing No. 25 at 1–2.)  These motions were unopposed by Defendant, and Defendant believes it should not shoulder the expense for these motions when it accommodated Plaintiff's need for additional time

---

[1] 28 U.S.C. § 2412(d) imposes two additional requirements for the awarding of attorney's fees and costs: (1) that the action not be one that sounds in tort, 28 U.S.C. § 2412(d)(1)(A), and (2) that the prevailing party have a net worth of less than $2,000,000 at the time of the action's filing.  *See* 28 U.S.C. § 2412(d)(2)(B).  That these two conditions are met is not disputed.  (*See* Filing Nos. 23-1 & 25.)

by not opposing them.  (Filing No. 25 at 2.)  The time spent preparing the motions is listed in Plaintiff's filings as 1.6 hours in total.  (Filing No. 23-2.)  Because it desires to encourage opposing parties to cooperate in litigation, and because the time devoted to preparation of these motions appears excessive, the Court will reduce the fees awarded by 1.6 hours.

Defendant's remaining two objections are simply that particular tasks took too long given the finished product's length and complexity, or lack thereof.  Specifically, Defendant asserts that Plaintiff's review of the administrative record, drafting of a statement of facts, and preparation of Argument IV of Plaintiff's brief were billed for more time than they should have required.[2]  (Filing No. 25 at 2.)

No two cases are identical, and the time required to represent a client competently will vary with each case.  Valid reasons may exist for why particular work required a particular amount of time.  However, without more information specific to this case, the Court looks to similar cases within its district in determining the reasonableness of the fees sought.  Previously, in a thorough review of past Social Security disability cases in which attorney's fees and costs were awarded per the EAJA,[3] another judge of this Court found that the mean number of hours awarded in

---

[2] Plaintiff's attorney billed 3.8 hours and 10.6 hours for reviewing the administrative record and preparing a five-page statement of facts, respectively.  (Filing Nos. 23-2; 25 at 2.)  Defendant asserts that producing a five-page statement of facts should not have required 14.4 hours.  (Filing No. 25 at 2.)  Defendant seeks a reduction by 3.6 hours, 25% of the total time sought for these tasks.  (*Id.*)  As to Argument IV of his brief, Plaintiff's attorney billed 6.8 hours for the research and drafting of this approximately one-page argument which contained no citations except to a three-page section of the vocational expert's testimony.  (Filing Nos. 16 at 20–21; 23-2; 25 at 2.)  Defendant asks for a reduction of 3.8 hours from Plaintiff's request.  (Filing No. 25 at 2.)

[3] Judge Kopf's order reviewed twenty reported cases in which the plaintiff filed at least two briefs on the merits and twenty-one reported cases in which the plaintiff filed no more than one such brief.  *Brown*, 16 F. Supp. 3d at 1053–57.

cases in which the plaintiff filed only one brief on the merits was twenty-five. *Brown*, 16 F. Supp. 3d at 1057.

Here, Plaintiff seeks an award of attorney's fees totaling 42.5 hours.[4] This number of hours is well above the average for similar types of cases. As this case did not appear to present particularly complex or novel issues, the Court concludes the requested hours are excessive. Specifically, the tasks identified by Defendant's objection, the review of the administrative record, drafting of a statement of facts, and preparation of Argument IV of Plaintiff's brief, do not appear to warrant the amount of time Plaintiff's counsel requests. Therefore, the Court will award fees for these tasks but reduced from Plaintiff's Application by 7.4 hours.

In sum, Plaintiff's Application sought attorney's fees for 42.5 hours at $190.13 per hour for a total of $8,080.53, and costs of $421.01. (Filing Nos. 23-1 & 23-2.) The Court, for the aforementioned reasons, will reduce the award by nine hours, and will award 33.5 hours at $190.13 per hour, totaling $6,369.36 and $421.01 in costs.

## II. Party to Whom Fees and Costs are Payable

Plaintiff requests in his Memorandum In Support of Application for Attorney's Fees that any award of fees and costs be paid directly to his attorney (Filing No. 25-1 at 3). The U.S. Supreme Court has identified the plaintiff him or herself as the "prevailing party" contemplated by the EAJA. S*ee Astrue v. Ratliff*, 560 U.S. 586, 591–94 (2010). However, lower courts, including those in this district, have continued to order payment

---

[4] While Defendant enumerates specific tasks it believes consumed an unreasonable amount of time, (Filing No. 25), the Court is permitted to consider the reasonableness of the plaintiff's application for an award of fees in total. *Brown*, 16 F. Supp. 3d at 1058 (citing *Dubsky v. Astrue*, No. 4:08-cv-3057, 2009 WL 1606058 (D. Neb. June 8, 2009)) ("In reducing a requested fee, the court is not required to consider every task reported, but instead may reduce the fee by a percentage.").

of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect.  *See Osborne v. Colvin*, No. 8:14-cv-20, 2015 WL 4393319, at *1 & n.1 (D. Neb. July 15, 2015); *Gors v. Colvin*, Civ. No. 12-4162, 2013 WL 960230, at *3 (D.S.D. March 12, 2015) ("Post-*Ratliff* the approach of most courts has been to honor [client assignments of EAJA fees to attorneys] in the absence of the litigant's pre-existing debt to the United States.").  Here, Plaintiff has presented evidence of a facially valid assignment of an award of fees and costs from Plaintiff to Plaintiff's counsel.  (*See* Filing No. 23-6.)  Therefore, this Court will order the award of fees and costs be paid directly to Plaintiff's counsel, Warren L. Reimer, minus any offset for a pre-existing debt of the Plaintiff's owed to the Federal Government.

For the reason stated, the Court will grant Plaintiff's Application for attorney's fees as to $6,369.36 and costs of $421.01.  Plaintiff's Application is otherwise denied.  Accordingly,

IT IS ORDERED:

1. The Plaintiff's application for attorney's fees (Filing No. 23) is granted as follows:

    a. Plaintiff is awarded fees in the amount of $6,369.36 and costs of $421.01;

    b. The motion is otherwise denied;

2. Attorney's fees and costs in the amount of $6,790.37 are payable directly to Plaintiff's attorney, Warren L. Reimer, less any offset to satisfy a pre-existing debt to the United States;

3. The Defendant will submit to Plaintiff's counsel of record a check made payable to Plaintiff's counsel, Warren L. Reimer, in the amount of $6,369.36, less any debt owed by the Plaintiff to the United States offset against such fees; and

4.  The $421.01 in costs is to be paid to Plaintiff's counsel, Warren L. Reimer, by the Judgment Fund.

Dated this 18th day of September, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge